**Opinion filed July 15, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00214-CR

_____

## DEVON LATRAEL FLYE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Haskell County, Texas**
**Trial Court Cause No. 6984**

## M E M O R A N D U M   O P I N I O N

Appellant, Devon Latrael Flye, pleaded guilty to the state jail felony offense of possession of methamphetamine. Pursuant to the terms of the plea agreement, the trial court convicted Appellant of the offense, assessed her punishment at confinement for sixteen months and a $1,500 fine, ordered her to pay $700 toward her court-appointed attorney's fees, suspended the confinement portion of the sentence, and placed Appellant on community supervision for three years. The State subsequently filed a motion to revoke, and the trial court held a contested hearing on

the motion to revoke. At the end of the hearing, the trial court found five of the State's allegations to be true, revoked Appellant's community supervision, and imposed the original sentence of confinement in a state jail facility for sixteen months and the remaining balances owed on the original fees and the fine. We modify the trial court's judgment to delete part of the attorney's fees assessed against Appellant, and we affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a motion for pro se access to the appellate record, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The record from the revocation hearing shows that, as alleged in the State's motion to revoke, Appellant failed to comply with several of the terms and conditions of her community supervision, including failing to report as required, failing to perform community service as required, and leaving the county without permissions—all of which Appellant admitted to during her testimony. We note that proof of one violation of

2

the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains a nonreversible error. The written judgment shows that attorney's fees of $700 was assessed against Appellant; this amount specifically includes two $350 assessments for court-appointed attorney's fees. The first such assessment relates to the balance remaining from the original conviction and judgment placing Appellant on community supervision in 2019; the second relates to the 2020 revocation proceeding. However, the trial court had determined at each stage of the proceedings below that Appellant was indigent, appointing counsel to represent Appellant during the original proceeding, the revocation proceeding, and the appeal. Because the trial court determined that Appellant was indigent and because nothing in the record demonstrates that she was able to pay all or part of her attorney's fees, court-appointed attorney's fees related to the revocation proceeding cannot be assessed against Appellant. *See Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010). We note, however, that Appellant has waived any complaint about the assessment of the original amount for court-appointed attorney's fees that were part of her plea bargain. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (holding that the appellant

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

procedurally defaulted any complaint about attorney's fees assessed in connection with the initial order of deferred adjudication because he failed to raise the issue in a direct appeal from that order).

Because the $350 assessment against Appellant for court-appointed attorney's fees for the 2020 revocation proceeding was improper and should be struck, we reform the trial court's judgment to delete that assessment. Accordingly, we modify the trial court's judgment as follows: (1) to delete the $350 assessment for attorney's fees relating to the 2020 revocation proceeding and (2) to show that the amount of attorney's fees owed is $350, rather than $700.

We grant counsel's motion to withdraw; modify the trial court's judgment as set forth above; and, as modified, affirm the judgment of the trial court.

PER CURIAM

July 15, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4